IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ORANGE LEAF HOLDINGS, LLC, )
)
                     Plaintiff, )
)
vs. ) Case Number CIV-15-8-C
)
CHINTU PATEL; DAN POOL; and )
DAIN POOL, )
)
                     Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff brought this action alleging Defendants interfered with certain contracts, misappropriated trade secrets, breached a fiduciary duty, and interfered with prospective economic advantage. Plaintiff also seeks an Order enjoining the disclosure of confidential information by Defendants. After removing the action from state court, Defendants filed the present Motion to Dismiss. According to Defendants, the Court lacks personal jurisdiction or in the alternative this matter should be dismissed or transferred pursuant to the first-to-file rule. Plaintiff responds arguing that at a minimum personal jurisdiction is proper here, as sufficient minimum contacts exist to warrant the exercise of specific jurisdiction.

**A.    Personal Jurisdiction**

Defendants argue jurisdiction in this Court is improper as Plaintiff has failed to demonstrate sufficient minimum contacts with Oklahoma and any such exercise of jurisdiction would offend "'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). Plaintiff argues that

minimum contacts do exist and that Oklahoma is the reasonable and appropriate forum to litigate the matter.

The standard of review for motions under Fed. R. Civ. P. 12(b)(2) is well established:

> Generally, plaintiffs bear the burden of proof to establish that jurisdiction over the parties is proper. In the context of pre-trial motions to dismiss decided without a hearing, plaintiffs must make only a prima facie showing as to the propriety of personal jurisdiction.
>
> In ruling on motions under Rule 12(b)(2), the Court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties. The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials. Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs.

McClelland v. Watling Ladder Co., 729 F.Supp. 1316, 1317-18 (W.D. Okla. 1990) (internal citations and footnote omitted).

"'To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'" Benton v. Cameco Corp., 375 F.3d 1070, 1075 (10th Cir. 2004) (citation omitted). In Oklahoma that test becomes a single inquiry, as Oklahoma's long-arm statute reaches to the full extent of due process. 12 Okla. Stat. § 2004(F); Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988).

The federal due process analysis involves a two-step inquiry. First, a "'court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum State.'" Pro Axess, Inc., v. Orlux

Distrib., Inc., 428 F.3d 1270, 1276 (10th Cir. 2005) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)). The Court must determine whether "'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Id. (quoting World-Wide Volkswagen, 444 U.S. at 297). Second, if sufficient minimum contacts do exist, the Court "'must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.'" Pro Axess, 428 F.3d at 1276-77 (quoting OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998)).

### 1. Minimum Contacts

"In determining whether a defendant has established sufficient minimum contacts with the forum state, we examine whether the defendant 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.'" Pro Axess 428 F.3d at 1277 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). "A defendant's contacts are sufficient if 'the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state.'" Id. at 1277 (quoting OMI, 149 F.3d at 1091).

#### a. Chintu Patel

Applying this authority, it is clear that Defendant Patel has sufficient contacts with Oklahoma. As Plaintiff asserts in its Response brief, Mr. Patel had a contractual relationship with Plaintiff. Mr. Patel directed his activities at Plaintiff in agreeing to the franchise

contract and the claims in this action arise from that relationship. Further, Plaintiff has offered uncontroverted evidence that Mr. Patel has on several occasions traveled to Oklahoma to conduct business related to the franchise agreements he entered into with Plaintiff. For these reasons the Court finds that Plaintiff has established Defendant Patel had sufficient minimum contacts with Oklahoma.

      **b.**      **Dan Pool**

Plaintiff offers three factual statements which it asserts are sufficient to establish Defendant Dan Pool had the required minimum contacts with Oklahoma. Those facts are:

> 12. In the summer of 2014 Orange Leaf was advised Dan Pool had recently become a co-CEO of CCreations, LLC, an umbrella company that runs Patel's franchise operations."
> 13. Orange Leaf understood that Dan Pool and Patel were business partners and were attempting to turn Patel's failing franchise business around.
> 14. Thereafter, Orange Leaf was contacted by Dan Pool and Patel on numerous occasions in Oklahoma in an attempt to negotiate or renegotiate issues related to the agreements between Orange Leaf and Patel.

(Pl.'s Rsp., Dkt. No. 17, p. 5). Countering these facts is the affidavit from Dan Pool wherein he states he was never a member of CCreations, was never a business partner of Patel, and that he was only asked by Patel to participate as an advisor during Patel's telephone conversations with Orange Leaf.

The Court is mindful that it must resolve factual disputes in favor of Plaintiff. See Behagen v. Amateur Basketball Ass'n of U.S.A., 744 F.2d 731, 733 (10th Cir. 1984). However, these factual statements are not in dispute. Rather, Plaintiff offers statements based on belief or understanding while Defendant Dan Pool offers averments based on

4

personal knowledge. Consequently, the Court finds that Plaintiff has failed to establish that Defendant Dan Pool had sufficient minimum contacts with Oklahoma.

      **c.**     **Dain Pool**

Plaintiff's evidence regarding Defendant Dain Pool consists of an email that was allegedly received by two of Plaintiff's Oklahoma franchise locations.

> Certainly, telephone calls and letters may provide sufficient contacts for the exercise of personal jurisdiction. In proper circumstances, even a single letter or telephone call to the forum state may meet due process standards. However, the exercise of jurisdiction depends on the *nature* of those contacts. The existence of letters or telephone calls to the forum state related to the plaintiff's action will not necessarily meet due process standards.

Rambo, 839 F.2d at 1418 (citations omitted). Rather than focus on the quantity of contacts, the Court is directed to review the efforts of the Defendant and whether he sought to act in Oklahoma. "'Purposeful availment analysis turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff . . . [and generally] requires . . . affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state.'" Id. at 1420 (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986)). Applying this authority to the acts of Defendant Dain Pool, the Court finds that Plaintiff has failed to establish minimum contacts. Rather than providing an example of purposeful availment, the letters are at most an invitation to future communication or a solicitation. As such, the emails, standing alone, are insufficient. See Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1076 (10th Cir. 1995).

## 2. Traditional Notions of Fair Play and Substantial Justice

The second step in the inquiry, then, is whether a court's exercise of personal jurisdiction offens "'traditional notions of fair play and substantial justice.'" Pro Axess, 428 F.3d at 1279 (citation omitted). This step requires the Court to determine whether exercising personal jurisdiction over a defendant with minimum contacts is "'reasonable in light of the circumstances surrounding the case.'" Id. (citation omitted). The Court considers the following factors:

> "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies."

Id. at 1279-80 (quoting OMI, 149 F.3d at 1095). Where a defendant seeks to defeat jurisdiction under the second step of the inquiry, it "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Pro Axess, 428 F.3d at 1280 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

### a. Burden on Defendant Patel

Given the facts noted above which establish that Defendant Patel has made numerous trips to Oklahoma during his dealings with Plainitff, the Court finds that forcing Defendant Patel to litigate this dispute in Oklahoma is not "'gravely difficult and inconvenient.'" Id. (quoting Burger King, 471 U.S. at 478). Accordingly, this factor weighs in favor of exercising jurisdiction.

### b. Oklahoma's Interest

Second, "'States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors. . . . The state's interest is also implicated where resolution of the dispute requires a general application of the forum state's laws.'" Id. at 1280 (quoting OMI, 149 F.3d at 1096). Plaintiff is an Oklahoma entity and Oklahoma has an interest in providing it with a forum for its suit.

### c. Plaintiff's Interest

Third, the Plaintiff's interest in convenient and effective relief:

> "hinges on whether the Plaintiff may receive convenient and effective relief in another forum. This factor may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit."

Id. at 1281 (quoting OMI, 149 F.3d at 1097). Plaintiff's argument on this factor notes the difficulty in obtaining complete relief outside this forum as Defendant Patel resides in a different state than the Pool Defendants. However, because the Court has determined Plaintiff failed to establish the Pool Defendants had minimum contacts with Oklahoma they do not weigh in the equation. This factor is neutral.

### d. Judicial System's Interest

Fourth, the interstate judicial system's interest in obtaining efficient resolution asks "'whether the forum state is the most efficient place to litigate the dispute. . . . Key to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent

piecemeal litigation.'" Pro Axess, 428 F.3d at 1281 (quoting OMI, 149 F.3d at 1097)). Plaintiff argues, and no Defendant disputes, that a large portion of the witnesses of this dispute are located Oklahoma. Plaintiff also offers the undisputed argument that Oklahoma law governs the parties's dispute. This factor weighs in favor of exercising jurisdiction over Defendant Patel.

    **e.**  **Reasonableness**

Finally, the fifth factor of the reasonableness inquiry "'focuses on whether the exercise of personal jurisdiction by [the forum] affects the substantive social policy interests of other states or foreign nations. . . . [G]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.'" Id. (quoting OMI, 149 F.3d at 1097-98). No party has offered any evidence or argument that this factor is implicated in the present case.

In sum, none of the five factors weighs in Defendant Patel's favor. Accordingly, he has failed to establish a "'compelling case'" that exercise of jurisdiction by an Oklahoma court would be unreasonable. Id. at 1281 (citation omitted). Therefore, as to Defendant Patel, Plaintiff has made a prima facie showing of both prongs of the federal due process analysis and the Court's exercise of personal jurisdiction over Defendant Patel would not offend traditional notions of fair play and substantial justice.

**B.**  **First to File**

Defendant Patel argues that if the Court finds he is subject to personal jurisdiction, it should nonetheless dismiss or transfer this action to the United States District Court for the

Southern District of Indiana as a case involving similar issues and parties was previously filed in that court. Fatal to Defendant's argument is the fact that on March 18, 2015, the Indiana Court transferred its action to this Court. Thus, transfer would be improper.

## **CONCLUSION**

For the reasons set forth herein, Defendants' Motion to Dismiss, Transfer and/or Stay (Dkt. No. 12) is GRANTED in part and DENIED in part. Plaintiff's claims against Defendants Dan and Dain Pool are DISMISSED without prejudice as the Court lacks personal jurisdiction over those individuals. In all other respects, Defendants' Motion is denied.

IT IS SO ORDERED this 3rd day of April, 2015.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge